UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN H. SHACKLEFORD,<br><br>    Plaintiff,<br><br> v.<br><br>ERIK K. SHINSEKI,<br><br>    Defendant. | CASE NO. C12-1882JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the court on Defendant Eric K. Shinseki's motion to dismiss Plaintiff John H. Shackleford's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot. (Dkt. # 14).) Having considered the submissions of the parties, the record, and the relevant law, and no party having requested oral argument, the court GRANTS Defendant's motion to dismiss but also grants Mr. Shackleford leave to amend his complaint.

ORDER- 1

## II.  BACKGROUND

Mr. Shackleford is a former employee of the United States Department of Veterans Affairs ("DVA").  (Compl. (Dkt. # 1) ¶ 1.)  When his application for reemployment with the DVA was denied, Mr. Shackleford filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* ¶ 4.)  In his EEOC complaint, Mr. Shackleford alleged that he was denied reemployment because of Defendant's "discriminatory hiring preferences," which focused on advancing "good public policy" instead of basing hiring decisions on merit.  (*Id.*)

On October 22, 2010, Mr. Shackleford and an attorney for the DVA met to explore a possible settlement agreement regarding his EEOC complaint.  (*Id.* ¶ 5.)  Mr. Shackleford and the DVA entered into an agreement whereby Mr. Shackleford would accept a lifetime employment prohibition and settle all EEOC complaints against the DVA in exchange for monetary consideration.  (*Id.*)  Additionally, neither party admitted any "guilt, fault or wrongdoing."  (*Id.*)

Pursuant to the settlement agreement, on October 27, 2010, an administrative law judge dismissed Mr. Shackleford's EEOC complaint.  (*Id.* ¶ 6.)  Mr. Shackleford had also filed a previous complaint against Defendant for alleged age-based discrimination but he believed that the prior complaint was "closed" in August 2008.  (*Id.*)  However, on May 30, 2012, he was informed by the EEOC that the prior complaint remained open because the DVA had failed to forward the complaint file requested by the EEOC.  (*Id.* ¶ 7.)  The EEOC issued a show cause order to the DVA requesting that the DVA forward the requested documents.  (*Id.*)  In response, the DVA cited the settlement agreement.  (*Id.*)

1  Mr. Shackleford alleges that Defendant made no admission regarding the status of
2  the previous complaint in order to obtain a bargaining advantage during the settlement
3  meeting. (*Id.* ¶ 8.) Furthermore, Mr. Shackleford contends that he would not have
4  accepted the terms of the settlement agreement had he known that the earlier complaint
5  remained open. (*Id.*) Consequently, Mr. Shackleford demands money damages in the
6  amount of $25,000.00, a permanent injunction against the DVA's right to prohibit him
7  from employment, and restoration of his right to submit EEOC complaints against the
8  DVA. (*Id.* ¶ 9.)
9  On August 22, 2013, Defendant filed the current motion to dismiss pursuant to
10 Federal Rule of Civil Procedure 12(b)(1). (*See generally* Mot.)

### III.   ANALYSIS

#### A.   Legal Standards

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) can be either a facial or factual attack on the allegations. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A moving party brings a facial attack when it asserts that the allegations contained in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* In a factual attack, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In this case, Defendant's challenge is facial because it asserts that Mr. Shackleford's claims, on their face, are subject to the exclusive jurisdiction of the Court of Federal Claims. (Mot. at 3.) Since this is a facial attack, "all factual allegations in [Mr. Shackleford's] complaint are taken as true and all reasonable

inferences are drawn in his favor." *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

**B.     Defendant's Argument**

Defendant contends that this court lacks subject matter jurisdiction over Mr. Shackleford's claims because 28 U.S.C. § 1491 (the "Tucker Act") mandates that only the United States Court of Federal Claims has jurisdiction over the type of claims Mr. Shackleford alleges. (Mot. at 3.) At the outset, it is clear from Mr. Shackleford's complaint that he is suing Mr. Shinseki in his official capacity as Secretary of the DVA. (Compl. ¶ 2.) A suit against a federal employee in his or her official capacity is considered a suit against the United States itself. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 826 (1976). Federal courts may assert jurisdiction over such suits only to the extent Congress has explicitly waived the sovereign immunity of the United States. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004).

In this case, Defendant maintains that the Tucker Act provides the only conceivable waiver of the United States' sovereign immunity with respect to Mr. Shackleford's claims. (Mot. at 3.) The Tucker Act provides that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . .

28 U.S.C. § 1491(a)(1). District courts have concurrent jurisdiction with the Court of Federal Claims over contract claims against the United States for less than $10,000.00. *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 646 (9th Cir. 1998) (citing

ORDER- 4

28 U.S.C. § 1346(a)(2)).  In all other contract claims, however, the Tucker Act grants the Court of Federal Claims exclusive jurisdiction to award money damages, and "impliedly forbids declaratory and injunctive relief." *Id.* (quoting *N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985)) (internal quotation marks omitted).  Further, disputes regarding settlement agreements with federal agencies are effectively contract actions and are governed by the Tucker Act.  *See Munoz v. Mabus*, 630 F.3d 856, 864 (9th Cir. 2010) (citing *Greenhill v. Spellings*, 482 F.3d 59, 575 (D.C. Cir. 2007)); *see also Angle v. U.S.*, 709 F.2d 570, 573 (9th Cir. 1983); *U.S. v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977). Thus, the critical inquiry is whether Mr. Shacklford's claims are essentially a dispute over his settlement agreement or whether they are "based on truly independent legal grounds." *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 922 F. Supp. 273, 281 (D. Ariz. 1996) (citing *Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 77 (D.C. Cir. 1985)), *aff'd*, 136 F.3d 641 (9th Cir. 1998).

In essence, Mr. Shackleford claims that he entered into the settlement agreement based on a mistake of fact or misrepresentation by the DVA regarding the status of his previous EEOC complaint against the DVA. (*See* Compl. ¶ 8.)  Mr. Shackleford asserts that had he known that the previous complaint was still open he would not have accepted the terms of the settlement agreement. (*Id.*)  Consequently, he seeks monetary damages of $25,000.00, and injunctive and declaratory relief. (*Id.* ¶ 9.)  To start, the $25,000.00 in monetary relief Mr. Shackleford demands is plainly an effort to increase the previous amount of monetary consideration he received under the settlement agreement. (*Compare id.* ¶ 5, *with id.* ¶ 9.)  Moreover, the injunctive and declaratory relief Mr.

Shackleford seeks is effectively nothing more than a modification of certain conditions contained in the settlement agreement. (*Compare id.* ¶ 5, *with id.* ¶ 9.) Accordingly, Mr. Shackleford's claims are "founded upon" his settlement agreement with the DVA and are subject to the exclusive jurisdiction of the Court of Federal Claims. *See N. Side Lumber Co.*, 753 F.2d at 1486; *Kline v. Cisneros*, 76 F.3d 1236, 1238 (D.C. Cir. 1996).[1]

## C.  Leave to Amend

Lastly, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (internal citations and quotations omitted). In this case, Mr. Shackleford indicates that he is willing to drop his demand for injunctive and declaratory relief and reduce his monetary demand. (Resp. (Dkt. # 15) at 1.) Since Mr. Shackleford could conceivably amend his complaint to conform with this court's concurrent jurisdiction under 28 U.S.C. § 1346(a)(2), the court will grant Mr. Shackleford leave to amend.

## IV.  CONCLUSION

For the reasons set forth above, the court GRANTS Defendant's motion to dismiss but with leave to amend the complaint. Mr. Shackleford shall have twenty (20) days

---

[1] *See also, e.g.*, *Morris v. United States*, 33. Fed. Cl. 733, 742 (Fed. Cl. 1995) (finding Tucker Act jurisdiction where plaintiff asserted that government misrepresentations made contract voidable and sought damages and rescission); *Gregory Lumber Co. v. United States*, 9 Cl. Ct. 503, 526 (Cl. Ct. 1986) (finding Tucker Act jurisdiction where plaintiff alleged misrepresentation in the inducement and sought price adjustments to its contract); *Florida Keys Aqueduct Auth. v. United States*, 231 Ct. Cl. 911, 912 (Ct. Cl. 1982) (finding contract jurisdiction where plaintiff alleged that pre-contractual misrepresentations induced it to enter into contracts on otherwise unacceptable terms).

1  from the date of this order to amend his complaint.  If Mr. Shackleford does not amend

2  his complaint within that time, however, the court will dismiss without prejudice Mr.

3  Shackleford's complaint (Dkt. # 1) for lack of subject matter jurisdiction.

4      Dated this 21st day of October, 2013.

5

6

7                  JAMES L. ROBART
                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 7